UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CR-35-HAB |
| | ) | |
| JOHN M. DOMINGUEZ | ) | |

**OPINION AND ORDER**

On July 21, 2020, Defendant sent a letter to the Court requesting compassionate release. (ECF No. 97). The letter was referred to the Federal Community Defendant who entered her appearance on August 5, 2020. The FCD filed a Brief in Support of Motion for Compassionate Release (ECF No. 103) on August 20, 2020, and the Government filed its Response (ECF No. 105) on September 1, 2020. The time for reply has now run with no reply filed. This matter is now ripe for review.

**A.      Defendant's Crimes**

On June 22, 2016, Defendant was indicted on counts of distribution of less than 500g of a schedule II controlled substance; possession with intent to distribute 100g or more of heroin; and felon in possession of a firearm. The charges arose out of multiple controlled purchases of controlled substances from Defendant by confidential informants. Defendant pled guilty to the heroin charge and was sentenced to a term of 135 months' imprisonment. Defendant is currently serving his sentence at FMC Fort Worth, with an anticipated release date of July 16, 2027.

**B.      Legal Analysis**

**1.      *Extraordinary and Compelling Circumstances***

Defendant's filings request a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A

handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant seeks compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motions, he must first demonstrate that he meets the statutory exhaustion requirement to proceed further. The Government concedes that Defendant requested release from his warden, that the request was denied, and that more than thirty days have elapsed since the denial. Therefore, the Court finds that administrative remedies have been exhausted in this case.

Defendant, now 69 years old, points to several medical ailments that he claims entitle him to compassionate release. These include hepatic failure, decompensated cirrhosis secondary to hepatitis C virus, Type II diabetes mellitus, hyperlipidemia, esophageal varices,

thrombocytopenia, chest pain and umbilical hernia. Defendant currently takes nine different medications to treat his conditions.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17,

2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

The Court recognizes that Defendant suffers from maladies that either do or can expose him to the risk of serious complications should he contract COVID-19. Defendant's age and diabetes have been found by the CDC to result in a greater risk of COVID complications. *See* Center for Disease Control, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. His liver disease might expose him to those complications. *Id*. The Government does not argue otherwise.

Defendant also notes the serious nature of his liver disease. Defendant asserts that he has end stage liver disease, with a life expectancy of approximately two years. His precise prognosis is unavailable, he asserts, because the BOP has not done the appropriate tests. Defendant's liver condition also causes esophageal varices, one of which resulted in emergency surgery in April 2020 following what Defendant claims was a lack of diligent treatment by the BOP.

The Government does not claim that Defendant's medical conditions are not serious. Instead, it maintains that the BOP can properly address those needs, and the Court agrees. Defendant's diabetes is largely under control, he has had multiple procedures to address his varices, and there is some medical evidence to suggest that Defendant's liver disease may not be as far along as he claims. In any event, Defendant is able to care for himself and, since he is housed

in a federal medical facility, has greater access to emergency health care than he may if he was released.

The Court recognizes that FMC Fort Worth has one of the highest positive test numbers in the BOP at 622. https://www.bop.gov/coronavirus/. However, Fort Worth is a federal medical center, so it is likely that its inhabitants were more susceptible to the virus to begin with. And, as the Government notes, most of the positive cases have resolved. Despite the relatively high numbers, there is nothing that leads the Court to believe that FMC Fort Worth cannot protect Defendant from the virus or treat him should he become infected. *See, Melgarejo*, 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus.").

**2.     *§ 3553(a) Factors***

Regardless of how the Court came down on the "extraordinary and compelling reasons" analysis, it would find that the § 3553(a) factors overwhelmingly support Defendant's continued incarceration. To call Defendant's criminal history "long" would be an understatement. By the Court's count, Defendant had ten felony convictions prior to the instant offense. Indeed, his entire life has been spent in furtherance of violent drug crimes. It was undoubtedly for this reason that he received a sentence above the bottom of the applicable guideline range. Given the seriousness of the offense conduct, the Court concludes that the sentence he received was sufficient, but not greater than necessary, to carry out the purposes of sentencing.

But more importantly, the Court has no faith that Defendant can comply with any terms of supervision that it would impose. As the Government notes, Defendant has abused this Court's

trust once. After being placed on pretrial release *in this case*, Defendant removed his ankle monitor, abused controlled substances, and committed two new criminal offenses. As the Government puts it, "[i]t is unclear why the Court should believe that the defendant would not do in 2020 exactly what he was found to have done in 2017 when granted release." (ECF No. 105 at 19).

**C.      Conclusion**

For the foregoing reasons, Defendant's letter (ECF No. 97) and Brief (ECF No. 103) requesting compassionate release are DENIED.

SO ORDERED on September 24, 2020.

                                             s/ *Holly A. Brady*
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT