UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CR-35-HAB |
| | ) | |
| JOHN M. DOMINGUEZ | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's "Motion for a 50 50.50 Reduction in Sentence 3582(c)(1)(A)(i)" (ECF No. 112). This is Defendant's second request for compassionate release, the first having been denied on September 24, 2020. (ECF No. 106). That denial is currently on appeal to the Seventh Circuit Court of Appeals. (ECF No. 107). The Court would find that the instant motion fails for the same reasons as the former, but it need not reach that conclusion. Defendant's motion fails due to his failure to exhaust administrative remedies.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 115 at 6–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a

defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

Here, Defendant asserts that he "has exhausted his admininstrative [sic] remedies." (ECF No. 112 at 6). However, Defendant has provided no evidence supporting his claim. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement.

Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request. Therefore, his Motion for a 50 50.50 Reduction in Sentence 3582(c)(1)(A)(i) (ECF No. 112) is DENIED.

SO ORDERED on May 27, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT