UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CR-35-HAB |
| | ) | |
| JOHN DOMINGUEZ | ) | |

**OPINION AND ORDER**

*You keep on knocking but you can't come in.*

- Anthony "Cheech" Marin
  UP IN SMOKE, Paramount Pictures 1978

Just as the police officer, the target of Cheech's famous taunt, continued to knock on the comedy duo's car window, Defendant continues to petition this Court for compassionate release. Defendant continues to raise the same issues that have been rejected twice by this Court and once by the Seventh Circuit. Defendant's third attempt raises no new issues and will be denied.

The Court thoroughly addressed Defendant's medical conditions in its September 24, 2020, Opinion and Order and will not repeat that discussion here. Defendant does have significant medical conditions. That said, those conditions were being adequately treated a year ago, and Defendant presents the Court with no updated medical records to show that his condition has deteriorated. Indeed, the Court's previous statement that "there is some medical evidence to suggest that Defendant's liver disease may not be as far along as he claims" (ECF No. 106 at 4) has proven prophetic: Defendant claimed a one-year life expectancy in August 2020 (ECF No. 103 at 12) but, as of the date of this Opinion and Order, has not shuffled off this mortal coil.

The law has also shifted against Defendant since his initial request for compassionate release. In July, the Seventh Circuit all but eliminated COVID-19 as a basis for compassionate

release under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the court stated:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*.

Defendant is among the "vast majority of prisoners" for whom the availability of vaccines has eliminated COVID-19 as a basis of compassionate release. He was offered, and declined, a vaccine, and has submitted no evidence that he *can't* receive the vaccine. Whatever Defendant's COVID concerns may be, they cannot support Defendant's release.

All that said, any discussion of Defendant's health is largely irrelevant. Even if Defendant could show "extraordinary and compelling reasons" for release, this Court would deny Defendant's motion because "the § 3553(a) factors overwhelmingly support Defendant's continued incarceration." (ECF No. 106 at 5). Once again, the Court addressed the § 3553(a) factors in the September 2020 Opinion and Order and will not do so here. It is enough to repeat that Defendant's "entire life has been spent in furtherance of violent drug crimes" and that he violated the terms of pretrial release *in this case*. (*Id*. at 5–6). Nothing in the intervening year has changed this analysis.

Defendant now focuses on his efforts towards rehabilitation while in the BOP. Defendant is to be congratulated for those efforts, but "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). And no matter the extent

of Defendant's rehabilitation, the time he has served to date cannot satisfy the purposes of sentencing in relation to this crime. Quite simply, the Court finds no basis in the record that would support Defendant's release.

For these reasons, Defendant's motion for compassionate release (ECF No. 120) is DENIED.

SO ORDERED on August 19, 2021.

     s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT